## HALL *v.* MANCHESTER.

In an action to recover damages for injuries sustained from a defect in a highway, to show the existence of said highway the plaintiff introduced a book of records, kept by the town-clerk, showing a record of the original application to the selectmen for the laying out, the order of notice thereon, and the return of the laying out, signed by two of said selectmen, which record had been duly entered in the book by the town-clerk for the year when the highway was laid out, but was not certified or attested by him, in his official capacity, as a true copy of the original record; it appearing that the original record was burned by accident; that the highway was laid out within twenty years, and that the town-clerk was dead at the time of trial, it was *held*, that there was competent secondary evidence upon which a jury might properly find a legal laying out of the highway in question.

*Held*, also, that a majority of a board of selectmen may legally lay out and return a highway.

It appeared that the injury complained of happened to the plaintiff by reason of a fall on the sidewalk of said highway, ordinarily used by foot passengers, occasioned by cutting a ditch in the ice thereon, for the purpose of conveying water into a side gutter of the main street of the city.—*Held*, that said sidewalk was a component part of said highway; that it was for the jury to determine whether it was in suitable repair or otherwise, and that the city were properly liable for an injury sustained from a defect in said sidewalk, provided the defect was one of which the city could reasonably have had knowledge, and the plaintiff on her part was in the exercise of due prudence and care.

THIS is an action on the case, to recover damages sustained by the plaintiff from an alleged defect in the highway called Manchester-street, in said city. To prove the existence of such highway, the plaintiff introduced a book of records of said city, containing a record of an application to the selectmen, an order of notice, record of the laying out of such street, and the payment of the damages awarded. The record of the laying out was signed by two of the selectmen, and there was evidence tending to prove that the other was present, part of the time at least. It also appeared that this record was made by the town-clerk of that year, who is since dead, but it

was not attested by him, nor certified by him to be true copies of the original papers, nor did the time of making the record appear beyond its position in the book, and the laying out was within twenty years; and there was evidence tending to prove that the original papers were burned at the time of the burning of the city hall; and the defendants therefore objected that the record was not competent evidence of the laying out. But the objection was overruled and the record admitted, subject to the defendants' exception.

The evidence tended to show that the injury happened about the 10th of April, 1855, and some time in the early part of the evening, but whether before or after dark was not clear. It also appeared that it happened as the plaintiff was walking up said Manchester-street, on the south side thereof; and the evidence tended to show that the sidewalk over which she was passing was seven feet wide, and on the side next to the building was covered with water of unequal depth, not exceeding at any one spot a few inches, and that there was on the other side of the sidewalk a strip of ice, over and along which foot passengers passed, and that this strip of ice extended over the curb-stone a short distance into the gutter, next the carriage-way, leaving the boundary between the sidewalk and the carriage-way somewhat indistinct. The alleged defect in the way was a ditch cut through the ice and snow, and extending across the sidewalk to the gutter.

The defendants' counsel requested the court to instruct the jury that if there was enough of the sidewalk free of ice for the plaintiff to pass on, and she chose to leave it and walk on the ice, it was her fault, even though it was wet and muddy. But the court declined so to instruct the jury, but did instruct them that they were to take into consideration the condition of the sidewalk, and determine whether the plaintiff exercised ordinary care and prudence in using the way; and if she did and was injured

by a defect in it, without fault on her part, the city would be liable ; otherwise not.

The defendants' counsel also requested the court to instruct the jury that the city was bound to keep in repair only so much of the way as the travel on that particular street required, and that the jury were to determine whether it was so in repair. And the court did instruct the jury that the city was bound to keep that street in such repair as the nature and extent of the use required, and that it was for them to determine whether it was so or not.

The jury returned a verdict for the plaintiff, and the questions arising were transferred to this court.

*W. C. & S. G. Clarke* cited, for the defendants, Statutes of 1830, ch. 573, sec. 2 ; Comp. Stat. 136, sec. 15 ; *Greeley* v. *Quimby*, 22 N. H. 335; *Haynes* v. *Shackford*, 3 N. H. 10 ; Gr. Ev., sec. 86.

*Morrison & Stanley*, for the plaintiff.

NESMITH, J. This is case, to recover damages for personal injuries sustained by the plaintiff, for an alleged defect in the sidewalk of the highway, called Manchester-street. The case finds that said street had not been opened for public use so long as twenty years when the accident occurred to the plaintiff, but that it was originally laid out in compliance with the regulations of the statute law, by the selectmen of Manchester.

The defendants' exception is that the town-clerk of Manchester, for the year when the selectmen undertook to lay out and make a due return of their record of the laying out of the same, failed on his part to attest, by his official signature, the said record of the selectmen's laying out, in the manner as required by law, in his book of

records, kept for that purpose. The Revised Statutes (ch. 49, sec. 12), required the selectmen, within thirty days, to make return of every highway by them laid out, describing the same, and the width thereof, and cause the same to be recorded by the town-clerk. On the trial of the case the plaintiff introduced a book of records of said city, containing a record of an application to the ·selectmen, an order of notice, the record of the laying out of said street, and the payment of the land damages awarded. This record was in the hand-writing of the town-clerk of the city, who is since dead, but not attested by him to be true copies of the original papers, nor did the time of making the record appear, beyond its position in the book; and evidence was offered, tending to show that the original papers were consumed with the burning of the city-hall.

The evidence thus offered showed the requisites of a proper laying out of said street, provided secondary testimony of the fact could be admitted to show a proper compliance with the law on this subject The record not being duly authenticated by the town-clerk, the next best testimony would seem to arise from the production of the original laying out of the selectmen. But this was shown to have been consumed by fire. Thus, then, is established the foundation for the production of the next best testimony of which the case admits. Were the town-clerk alive who originally recorded the doings of the selectmen, leave to amend his record by adding his official certificate according to the fact, could be granted by application to the judge who tried the cause; but his death being admitted, we must, for our guidance, resort to the rule established as to secondary evidence. "If the record be lost, and is ancient, its existence and contents may sometimes be presumed; but whether it be ancient or recent, after proof of its loss its contents may be proved, like any other document, by any secondary evidence, when the

case does not, from its nature, disclose the existence of other and better evidence." 1 Gr. Ev., sec. 509. " Again, it should appear that the record was found in the proper place of deposit, or in the hands of the officer in whose custody the record is presumed to be kept." 1 Gr. Ev., sec. 508.

The town-clerk's record in this instance is presumed and admitted to be, in point of time, in its appropriate place in his book; his hand-writing and death are shown; and the selectmen's proceedings being duly spread out on his records, we do not see why competent evidence is not presented to the jury, from which they may infer a legal laying out of the street in question.

In the case of *Hardy* v. *Houston*, 2 N. H. 309, the court gave a construction to an earlier statute on this subject, similar in its provisions to the one in force when the laying out occurred, and decided " that when the doings of the selectmen are returned to the town-clerk, and put on file, they were well enough recorded, within the meaning of the statute then in force." By this decision, the certificates and attestations of the town-clerk, or actual recording of the original record of the selectmen by the town-clerk, were treated by the court as immaterial. It is sufficient that the record of the selectmen can be produced when called for, or a copy thereof. *Stockbridge* v. *West Stockbridge*, 12 Mass. 401; *Willey* v. *Portsmouth*, 35 N. H. 303; *Greeley* v. *Quimby*, 22 N. H. 335.

The second objection made by the defendants is, that but two of the selectmen of Manchester signed the original laying out of this highway. This question has heretofore been considered and settled in a former decision in this case, and elsewhere. *Hall* v. *Manchester*, 39 N. H. 302; *Petition of Goffstown and Dunbarton*, 35 N. H. 292; *Jones* v. *Andover*, 9 Pick. 146; *Paradise Road*, 29 Penn. 20. It may, therefore, be considered as settled that a majority of a board of selectmen may lay out a town road.

This highway having, then, been legally laid out, its road-bed and sidewalks constructed, opened for use, and improved by the citizens of Manchester and the public generally, the remaining question occurs, whether the court may have erred in their instructions to the jury, upon one or two other material points in the case.

We find that the damage accrued to the plaintiff through a defect existing in the sidewalk of Manchester-street, which sidewalk was admitted to have been seven feet in width. The alleged defect was shown to have been a ditch, cut through the ice or snow across the sidewalk, leading toward a gutter located between the sidewalk and carriage path. Upon this part of the case we believe it now to be well settled that, in the compact, populous and most frequented business parts of our larger towns and cities, foot passengers may reasonably require to be accommodated and protected by the erection of suitable sidewalks, curb-stones, posts and railings, to the exclusion of teams and carriages from that part of the way; that where the wants of the public demand the construction of sidewalks, and cities and towns, in obedience to this demand, undertake to build them, they should be properly constructed and guarded, and kept in suitable repair; that they are to be considered as erected within the established limits of the highway, and may legally constitute a part of it; that it is the province of the jury to determine, from the evidence adduced, upon the nature or kind of the existing obstruction or defect, and whether it be one of which the city or town could have had notice, and could have reasonably provided against by seasonable and judicious repairs; and whether the way, with such defect existing, was as safe and as convenient for the travel upon it as might be reasonably required under the circumstances; or whether, as a consequence, improper and undue negligence may not be imputed, and damages be properly imposed in favor of

an actual sufferer by reason of accident. It also becomes the duty of the jury to inquire whether the plaintiff, seeking a remedy by action at law, for injuries received in consequence of the imputed defect of way, was without fault, and, at the time of the alleged accident, was in the exercise of ordinary care and prudence. Such are believed to be some of the leading principles applicable to this class of cases, as recognized in numerous decisions in this State and elsewhere, and believed to be consistent with the rulings of the court in this case. *Graves* v. *Shattuck*, 35 N. H. 257 ; *Hubbard* v. *Concord*, 35 N. H. 52 ; *Norris* v. *Litchfield*, 35 N. H. 271 ; *Willey* v. *Portsmouth*, 35 N. H. 303 ; *Johnson* v. *Haverhill*, 35 N. H. 74 ; *Haypel* v. *Carlis*, 1 E. D. Smith 78 ; *Loker* v. *Brookline*, 13 Pick. 343 ; *Howard* v. *North-Bridgewater*, 13 Pick. 189 ; *Adams* v. *Carlisle*, 21 Pick. 146.

We are, therefore, of opinion that the exceptions of the defendants must be overruled, and that there must be
*Judgment on the verdict.*